-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLIE BLAIR, 08-B-0587,

        Petitioner,

    -v-

HAROLD H. GRAHAM,

        Respondent.

13-CV-1046A
ORDER



Petitioner, Leslie Blair, had filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction entered in New York State Supreme Court, Monroe County. (Docket No. 4). The petition raised four separate grounds for relief: ineffective assistance of trial counsel; denial of appellate review based on ineffective assistance of appellate counsel; denial of Sixth Amendment right to a jury trial based on the trial court's interference in the jury's function as trier of fact; and the indictment was jurisdictionally defective. Upon review of the petition initially, see Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court noted that it appeared that at least three of three of the four grounds raised in the petition had not been unexhausted. (Docket No. 5, Order.) The Court therefore forwarded to petitioner a Section 2254 Exhaustion Response Form and advised petitioner to choose one of four options as to how he wished to proceed in light of the unexhausted claims raised in the petition. (Id.) Petitioner chose the Option that asked the Court to stay the petition and hold it in abeyance pending exhaustion of the unexhausted claims raised in the petition.

(Docket No. 6, Response Form.) As noted in the petition (Docket No. 1, ¶ 13), one of the bases for petitioner's failure to exhaust was ineffective assistance of counsel.

Because the petition at issue herein appears--based on the limited record before the Court at this time--to be a mixed habeas petition containing both exhausted and unexhausted claims, the Court may not grant it. 28 U.S.C. § 2254(b)(2). However, if the Court were to dismiss the entire petition without prejudice to petitioner's refiling it after he has exhausted all of his claims, he may find himself barred by the applicable statute of limitations. 28 U.S.C. § 2244(d)(1). For these reasons, the Court will dismiss petitioner's unexhausted claims and stay the exhausted claim. *See Zarvela v. Artuz*, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001), which held that a court presented with a mixed petition may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" subject to certain time limitations. *Zarvela*, 254 F.3d at 381. *See also Rhines v. Weber*, 544 U.S. 269, 273 (2005) (rather than dismissing a mixed petition, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.") In order for the court to exercise its discretion to stay the petition, a petitioner must demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Id.* at 277-78. *See also Zarvela*, 254 F.3d at 380 (The exercise of such discretion is appropriate, "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.' " (quoting *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000)). Subsequent to the *Zarvela* decision,

the Supreme Court held in *Duncan v. Walker*, 531 U.S. 991 (2001), that the pendency of a federal habeas corpus proceeding does not toll the one-year statute of limitations imposed on state prisoners' habeas corpus proceedings by 28 U.S.C. § 2244(d). The Supreme Court's limitation of the statute's tolling provision to state proceedings counsels in favor of an approach protective of petitioner's access to federal court.

Accordingly, this Court will exercise its discretion to stay proceedings with respect to petitioner's exhausted claim,[1] and to dismiss without prejudice his unexhausted claims.[2] If petitioner presents the unexhausted claims to the appropriate state courts and returns to this Court within the time limits set forth below by the filing of a motion to vacate or lift the stay, he will be permitted to amend his petition to reinstate the claims and such amendment will relate back to the date of the original petition. *See Zarvela*, 254 F.3d at 381-382.

This stay is conditioned on petitioner's initiation of efforts to exhaust his unexhausted claims within 30 days, and his return to the district court within 30 days of the completion of the effort to exhaust. If either condition of the stay is not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed if it is not still timely. *See id.* Accordingly,

---

[1] The petition notes that on appeal petitioner raised the ground that the trial court had improperly questioned defendant during his testimony. (Petition, ¶ 9.) One of the grounds raised in the petition is the trial court's interference and usurpation of the jury's function (*id.*, ¶ 12C).

[2] "Most district courts have ruled that ineffective assistance of counsel suffices to show good cause . . ." in the stay-and-abeyance context. *Wallace v. Artus*, 2006 WL 738154, at *4 (S.D.N.Y. Mar. 23, 2006) (citing cases); *see., e.g.*, *Rivera v. Ercole*, 2007 WL 2706274, at *23 (S.D.N.Y. Sept. 18, 2007); *Aessa v. Annetts*, 2006 WL 3780392, at *2 (E.D.N.Y. Dec.21, 2006).

IT HEREBY IS ORDERED, that to the extent petitioner's claims in his petition are unexhausted, the claims are dismissed without prejudice subject to the condition that petitioner initiate efforts to exhaust these claims within 30 days of the filing of this order and that petitioner return to this Court within 30 days of the completion of the effort to exhaust;

FURTHER, that this petition is stayed pending petitioner's exhaustion of the dismissed claims; and

FURTHER, that in order to advise respondent of the filing and status of this matter, the Clerk of Court shall serve a copy of the petition, together with a copy of this order, electronically via a Notice of Electronic Filing to Alyson Gill <Alyson.Gill@ag.ny.gov> and Arlene.Roces@ag.ny.gov> of the Office of the Attorney General, Federal Habeas Unit.

SO ORDERED.

DATED: 10/1, 2014
Buffalo, New York

JOHN T. CURTIN
United States District Judge