UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

Leslie Blair,

                                        Petitioner,

                                                            DECISION AND ORDER
                v.                                          13-CV-1046A

Harold H. Graham,

                                        Respondent.

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

        Petitioner, who seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, has

made two motions for appointment of counsel.  *See* Docket Nos. 12 and 15.  Pursuant

to 28 U.S.C. § 1915(e)(1), the Court may appoint counsel to assist indigent litigants.

*See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23

(2d Cir. 1988).  It is clear, however, that prisoners have no constitutional right to

counsel when bringing collateral attacks upon their convictions.  *Pennsylvania v. Finley*,

481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989).  Habeas petitioners

who qualify under the Criminal Justice Act, however, are entitled to counsel if an

evidentiary hearing is required, Rules Governing Section 2254 Cases in the United

States District Courts, Rule 8(c), *see Graham v. Portuondo*, 506 F.3d 105 (2d Cir.

2007), as are indigent petitioners who seek to vacate or set aside a sentence of death.

21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

        Appointment of counsel is within the court's discretion, *see In re Martin-Trigona*,

737 F.2d 1254, 1260 (2d Cir. 1984).  The Court has reviewed the facts presented in the

petition, and there is no showing at this time that an evidentiary hearing is required, nor

is petitioner seeking to vacate or set aside a sentence of death.

In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. The petition is based on claims concerning the evidence supporting Petitioner's conviction, his trial counsel's performance, his appellate counsel's performance, remarks made by the trial court, and the validity of the underlying indictment.  It does not appear at this time that petitioner needs the assistance of counsel to present these claims, which appear to be claims which can be addressed and reviewed solely by means of the record already before the Court.

Based on its review, Petitioner's motions for appointment of counsel are denied without prejudice at this time.  It is the Petitioner's responsibility to retain an attorney or press forward with this proceeding pro se.  28 U.S.C. § 1654.

Finally, the Respondent filed his response to the petition on July 13, 2016.  The Petitioner must file his reply **within 60 days of the date of this Order** or the petition will be considered on the papers that have already been submitted to the Court.

IT IS SO ORDERED.


_____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: August 31, 2016