UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LESLIE BLAIR,

        Petitioner,

  -vs-

HAROLD H. GRAHAM, Superintendent
of Auburn Correctional Facility,

        Respondent.

**No. 1:13-CV-01046 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Leslie Blair ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered February 15, 2008, in Monroe County Court (Egan, J.), after a jury convicted him of one count of felony murder (N.Y. Penal Law § 125.25(3)). Petitioner is currently serving a prison sentence of 25 years to life.

## II. Factual Background and Procedural History

Petitioner was convicted by a jury of shooting and killing Donovan Allen while petitioner and accomplices robbed Allen of 15 kilograms of cocaine. Petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, in which he argued that (1) the trial court interfered with the cross-examination of petitioner and (2) the trial court should have precluded evidence that petitioner had engaged in prior robberies with his co-defendants.

The Fourth Department unanimously affirmed petitioner's judgment of conviction. See People v. Blair, 94 A.D.3d 1403 (4th Dep't 2012), lv. denied 19 N.Y.3d 971. Specifically, the court held that petitioner's contention regarding the trial court's questioning during cross-examination was unpreserved and, in any event, without merit. Id. at 1403-04. The court found that petitioner's claim regarding preclusion was also unpreserved and meritless, noting that "[t]he evidence of [petitioner]'s guilt in assisting in the murder [was] overwhelming, and there [was] no significant probability that defendant otherwise would have been acquitted." Id. at 1404.

On February 24, 2014, petitioner filed a *pro se* application for a writ of error coram nobis to the Fourth Department, arguing that appellate counsel was ineffective for various reasons. The Fourth Department denied the application and the Court of Appeals denied leave to appeal. See People v. Blair, 117 A.D.3d 1505 (4th Dep't 2014), lv. denied, 23 N.Y.3d 1059, reconsideration denied, 24 N.Y.3d 1042.

The instant petition[1] (doc. 9) contends that (1) trial counsel was ineffective; (2) appellate counsel was ineffective; (3) the trial judge interfered with the cross-examination of petitioner; (4) the grand jury proceedings were defective for various reasons;

---

[1] The petition was originally filed October 15, 2013. See doc. 1. An amended petition (doc. 9) was filed on December 23, 2014.

2

and (5) the evidence was legally insufficient to support the verdict; and (6) petitioner is actually innocent. For the reasons discussed below, the petition is dismissed.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." <u>Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury</u>, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.   Time-Barred Claims (Ground Five)**

Ground five of the amended petition asserts that the verdict in petitioner's case was based on legally insufficient evidence and that petitioner is actually innocent. As respondent argues, these claims were included for the first time in the amended petition and

do not relate back to the claims of the original petition. See Mayle v. Felix, 545 U.S. 644, 664 (2005).

Petitioner's judgment of conviction became final on October 16, 2012, 90 days after the Court of Appeals denied his leave application on July 18, 2012. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 217, 219-221 (2002). The statute of limitations expired one year later, on October 16, 2013. See id. Accordingly, petitioner's claims contained in ground five of the amended petition, which was not filed until December 23, 2014, are dismissed as time-barred.

**B. Ineffective Assistance of Trial Counsel (Grounds One and Six)**

Construing his claims liberally, petitioner contends that trial counsel was ineffective for (1) failing to argue that the People's proof was insufficient because petitioner was not charged with the felony crime underlying the felony murder charge; (2) failing to argue that petitioner was a non-culpable participant in the crime; (3) failing to object to jury instructions regarding accomplice liability; (4) failing to use unidentified impeachment evidence; and (5) failing to ensure that pretrial motions were resolved.

As respondent argues, these record-based claims are unexhausted because they were not raised on direct appeal or in a collateral motion pursuant to New York Criminal Procedure Law ("CPL") § 440.10. The claims are deemed exhausted but procedurally

4

barred. See Quiles v. Chappius, 2014 WL 4652742, *15 (S.D.N.Y. Sept. 18, 2014), aff'd, 648 F. App'x 83 (2d Cir. 2016) (noting that "record-based claims may now be 'deemed' exhausted but procedurally barred because [p]etitioner may not raise them again in state court and fully exhaust them") (citing N.Y. Ct. Rules § 500.20(02); CPL § 440.10(2)(c); DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004) (per curiam)). Petitioner has not alleged cause and prejudice to overcome the procedural bar. Moreover, for purposes of the miscarriage-of-justice exception, he has made no factual showing that he is "'actually innocent' (meaning factually innocent) of the crime for which he was convicted." Carvajal v. Artus, 633 F.3d 95, 108 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Accordingly, the claims are dismissed.

### C. Ineffective Assistance of Appellate Counsel (Grounds Two and Six)

Petitioner contends that appellate counsel was ineffective for various reasons. These issues were raised in petitioner's coram nobis motion, which the Fourth Department denied. The Fourth Department's denial of these claims was not contrary to, nor an unreasonable application of, relevant Supreme Court precedent. To establish ineffective assistance of counsel at either the trial or appellate level, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by

5

counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

The record in this case reveals that appellate counsel filed a "a thorough, well-researched brief in which [appellate counsel] persuasively argued" petitioner's points on appeal. Jamison v. Bradt, 2011 WL 2728394, *6 (W.D.N.Y. July 12, 2011). Petitioner has not shown that the failure of appellate counsel to make any arguments resulted in prejudice to petitioner, especially where the Fourth Department noted that the evidence against him was overwhelming. See Blair, 94 A.D.3d at 1404. Accordingly, petitioner's claims as to ineffective assistance of appellate counsel lack merit and are therefore dismissed.

### D. Trial Court Remarks During Cross-Examination (Ground Three)

Petitioner contends that the trial court's remarks and questioning of him during his cross-examination violated his Sixth Amendment rights. This argument is barred by an adequate and independent state law ground, because the Fourth Department specifically held that it was unpreserved for review. See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's contemporaneous objection rule as an adequate and independent state ground barring habeas review); Switzer v. Graham,

6

2010 WL 1543855, *4 (W.D.N.Y. Apr. 16, 2010). The claim is therefore dismissed.

### E. Sufficiency of the Indictment (Ground Four)

Petitioner's challenge to the sufficiency of the indictment is not cognizable on habeas review. "Habeas corpus is not available to test the sufficiency of the indictment." United States ex rel. Mintzer v. Dros, 403 F.2d 42, 43 (2d Cir. 1967); see also Marcus v. Conway, 2007 WL 1974305, *4 (S.D.N.Y. July 5, 2007) ("The petitioner's claim, that he had a constitutional right to be tried for robbery based on a grand jury indictment free of defect, does not provide a basis for habeas review because the claim does not present a federal question, as required by 28 U.S.C. 2254(a)."). Likewise, claims based on alleged defects in grand jury proceedings are not cognizable in a federal habeas petition unless they present an independent federal constitutional claim, which petitioner's claim does not. See Lopez v. Riley, 865 F.2d 30, 32–33 (2d Cir. 1989) ("If federal grand jury rights are not cognizable on direct appeal where rendered harmless by a petit jury, similar claims concerning a state grand jury proceeding are a fortiori foreclosed in a collateral attack brought in a federal court.").

## V. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied and the amended petition (Doc. 9) is dismissed. Because petitioner has not "made a substantial showing

7

of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   May 12, 2017
         Rochester, New York.